IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KIM A. DEGROSS | * | |
| Plaintiff | * | |
| | * | Civil Case No. JKB-22-0291 |
| v. | * | |
| OFFICE DEPOT, LLC | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On March 9, 2022, the Court entered a Memorandum and Order dismissing the above-captioned case. (ECF No. 10.) Plaintiff Kim Degross filed a Motion to Reopen this case on November 10, 2022, which is now pending before the Court. (ECF No. 11.) Plaintiff's Motion is fully briefed (ECF No. 12), and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Motion will be denied.

### I.   *Factual Background*

Plaintiff is an African American male who began working for Defendant Office Depot, LLC ("Office Depot") in 1998. (ECF No. 3 ¶ 2.) Beginning in 2015, Plaintiff worked at an Office Depot facility in Howard County, Maryland as a driver. (*Id.* ¶¶ 2–4.) Plaintiff alleges that he was terminated by Office Depot because of a "false assertion" that he called his supervisor, Michael Strotman, a "[m]aricon." (*Id.* ¶ 16, 18.) Plaintiff further alleges that, during his employment with Office Depot, a white employee named Timothy Beneay used a racial epithet against a Hispanic employee but was not similarly terminated or reprimanded by Office Depot. (*Id.* ¶¶ 15, 17.) Apart

from these incidents, Plaintiff further alleges that a person named Sharon Brewer made a false accusation about him, which was also a cause of his termination. (*Id.* ¶¶ 22–23.)

Plaintiff's employment was terminated on November 13, 2017. (*Id.* ¶ 8.) Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 24, 2018. (*Id.* ¶ 9.) On September 6, 2019, the EEOC mailed Plaintiff a right-to-sue letter informing him of his right to file suit within 90 days of his receipt of the letter. (ECF No. 6-4.)

## II. *Procedural History*

Prior to filing the instant case, Plaintiff filed a substantially similar *pro se* case in this Court on December 2, 2019 against Defendant, alleging: (1) discrimination and retaliation upon the basis of race, color, and religion in violation of Title VII; (2) defamation; (3) perjury; and (4) fraud. *See Degross v. Office Depot Office Max*, Civ. No. CCB-19-3445, at ECF No. 1 (D. Md. 2019) (hereinafter, "*Degross I*"). On February 24, 2020, Judge Blake dismissed *Degross I* without prejudice due to Plaintiff's failure to file an amended complaint that complied with Rule 8(a). (*Degross I*, ECF No. 4.) After obtaining counsel, Plaintiff moved for reconsideration of the dismissal, which Judge Blake granted on June 25, 2020. (*Degross I*, ECF No. 6.) Judge Blake then directed Plaintiff to file an amended complaint by August 10, 2020. (*Degross I*, ECF No. 7.) Because Plaintiff failed to do so, Judge Blake dismissed *Degross I* without prejudice on August 20, 2020. (*Degross I*, ECF No. 8.) Plaintiff then filed a motion to reopen *Degross I* and two motions for reconsideration, each of which Judge Blake denied for lack of good cause shown. (*Degross I*, ECF Nos. 9, 10, 11, 12, 13, 14.)

Plaintiff filed the instant case in the Circuit Court for Baltimore County on December 10, 2021. (ECF No. 1.) In the instant Complaint, Plaintiff brings claims for defamation and discrimination on the basis of race and religion. (ECF No. 3 ¶¶ 13–25.) Plaintiff's claims, like

2

those in *Degross I*, relate to events that allegedly culminated in the termination of his employment by Defendant. (*Id.* ¶¶ 2–12; *Degross I*, ECF No. 1.) On February 3, 2022, Defendant removed the instant case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1.) On February 10, 2022, Defendant filed a Motion to Dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff did not respond to Defendant's Motion. The Court issued a Memorandum and Order granting Defendant's Motion on March 9, 2022. (ECF No. 10.)

Plaintiff filed, through counsel, a "Motion to Reopen" this case on November 10, 2022. (ECF No. 11.) Therein, Plaintiff states that "there was a filing for a Motion to Dismiss that wasn't received by Plaintiff or [his] counsel." (*Id.* at 1.) Plaintiff requests "[t]hat the case be reopened so as to enable the necessary documents to be provided." (*Id.*) In its opposition brief, Defendant counters that: (1) reopening this case is improper as Plaintiff fails to demonstrate good cause for such relief; and (2) reopening this case is futile because it would not modify the issues raised in Defendant's Motion to Dismiss: namely, that Plaintiff's claims are time-barred and fail as a matter of law. (ECF No. 12 at 3.)

### III.   *Legal Standard*

Plaintiff does not provide a legal basis for his Motion to Reopen, but the Motion appears to seek reconsideration of the Court's March 9, 2022 Memorandum and Order dismissing this case. The Fourth Circuit has explained that the Federal Rules of Civil Procedure do not explicitly provide for a post-judgment motion for reconsideration; rather, "they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Plaintiff's Motion was filed nearly eight months after this case's dismissal. Thus, the Court considers whether reconsideration

of this case's dismissal is proper under Rule 60(b), rather than Rule 59(e). *See* Fed. R. Civ. P. 59(e) (providing that motions to alter or amend a judgment must be filed no later than 28 days after entry of the judgment).

Under Rule 60(b), a party may be granted relief from judgment on motion for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is well-settled that a Rule 60(b) motion is not a substitute for a timely and proper appeal. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950). As such, before a party may seek relief under Rule 60(b), that party must first make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). "Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment." *Id.*

Additionally, the Fourth Circuit has held that Rule 60(b)'s language does not "depriv[e] the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961). Accordingly, this Court may amend or vacate an order *sua sponte* under Rule 60(b) if justice so requires. *See, e.g., Ransom v. Nationstar Mortg. LLC*, Civ. No. PX-15-1647, 2016 WL 7474533, at *1 (D. Md. Dec. 29, 2016) (vacating a dismissal order *sua*

4

*sponte* under Rule 60(b) upon determining that case should have been remanded, rather than dismissed).

## *IV. Analysis*

Plaintiff's Motion to Reopen does not provide adequate grounds for relief from judgment under Rule 60(b), and the Court finds no basis for *sua sponte* relief from judgment under Rule 60(b). As such, the Court will deny Plaintiff's Motion.

### *A. Relief on Plaintiff's Motion Under Rule 60(b)*

As a threshold matter, Plaintiff must show that "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances" exist to warrant relief under Rule 60(b). *Werner*, 731 F.2d at 207. Plaintiff fails to explicitly address the existence of any of these elements. Instead, he provides two grounds for reopening this case: (1) the need to provide certain "necessary documents" to the Court; and (2) the fact that he never received a copy of a "filing for a Motion to Dismiss" that was filed on September 2, 2022. (ECF No. 11 at 1.)

But Plaintiff does not identify the nature or relevance of the unspecified documents to which he alludes or explain why they justify reopening this case. Moreover, Defendant filed its Motion to Dismiss on February 10, 2022 (ECF No. 6), and there are no docket entries dated September 2, 2022.[1] As such, the Court lacks clarity on which filing, if any, Plaintiff did not receive. Further, Plaintiff fails to explain why his alleged non-receipt of any filing warrants the reopening of this case over eight months after it was dismissed. Because Plaintiff fails to address whether timeliness, a meritorious defense, a lack of unfair prejudice, and exceptional circumstances exist, the Court must deny Plaintiff's Motion. *See Werner*, 731 F.2d at 207.

---

[1] Plaintiff also erroneously states that this case was dismissed on October 3, 2022. (ECF No. 11 at 1.) The case was dismissed on March 9, 2022 (ECF No. 10), and there are no docket entries dated October 3, 2022.

5

### B.   Sua Sponte *Relief Under Rule 60(b)*

Having determined that Plaintiff's Motion fails to provide sufficient grounds to warrant reopening this case, the Court next considers whether "justice dictates" the reopening of this case under Rule 60(b) for reasons other than those provided by Plaintiff. *See Ransom*, 2016 WL 7474533, at *1. In its Memorandum and Order dismissing this case, the Court did not provide an extensive analysis of the merits of Defendant's Motion to Dismiss. Rather, the Court stated that the "analysis outlined in [Defendant's Motion] in relation to time limitations for claims of defamation, claims of employment discrimination under Maryland state law, and claims of employment discrimination under Title VII all comport with [its] understanding of the law." (ECF No. 10 at 1–2.) Upon careful review of the entire record, the Court finds no error in its dismissal of this matter for the reasons explained in detail below.

#### 1.   *Plaintiff's Discrimination Claims (Count I)*

First, the Court properly dismissed Plaintiff's discrimination claims as untimely under Rule 12(b)(6). Count I of the Complaint is pleaded generically as "discrimination" and Plaintiff does not specify whether Title VII governs these claims. (ECF No. 3 ¶ 13–19.) Nonetheless, he explicitly listed Title VII as a cause of action in *Degross I* (*Degross I*, ECF No. 1), and alleges in the instant case that he faced discrimination upon the basis of his race and religion, both of which are protected classes under Title VII. (ECF No. 3 ¶ 12.) Given this, the Court construes these discrimination claims as brought under Title VII.

A Title VII action must be filed within 90 days of a claimant's receipt of an EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *see also Aziz v. Orbital Scis. Corp.*, 165 F.3d 17 (Table) (4th Cir. 1998). This time limit is treated as a statute of limitations and is strictly enforced. *See Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 426–27 (D. Md. 2013). Here, the

6

EEOC mailed a right-to-sue letter to Plaintiff on September 6, 2019, informing him of his right to file suit within 90 days of receiving the letter. (ECF No. 6-4.) But Plaintiff did not commence the instant case until December 10, 2021—over two years after this letter was mailed. Thus, his discrimination claims are untimely.

To be sure, Plaintiff's Title VII claims in *Degross I* were filed on December 2, 2019, a date that complied with the 90-day statute of limitations triggered by the EEOC's September 6, 2019 letter. (*See Degross I*, ECF No. 1.) But numerous courts have recognized that the "dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) (quoting *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)); *accord Goff v. United States*, 659 F.2d 560, 562 (5th Cir. 1981). As such, the timely filing of Title VII claims in *Degross I* does not render Plaintiff's discrimination claims timely in the instant case because *Degross I* was dismissed without prejudice.[2]

### 2. *Plaintiff's Defamation Claim (Count II)*

The Court also properly dismissed Plaintiff's defamation claim as untimely. Maryland imposes a one-year statute of limitations on defamation claims. *See* Md. Code Ann. Cts. & Jud. Proc. § 5-105. "The limitations period begins to run on the date the statements are improperly communicated." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297 (Md. 1995)). In support of this claim, Plaintiff

---

[2] Plaintiff does not state whether his discrimination claims are also brought under the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-606(a). Assuming that they are, such claims would also be time-barred. Where a plaintiff fails to file MFEPA claims within two years of the alleged discrimination, the claims are time-barred. *See* Md. Code Ann., State Gov't § 20-1013(a); *see also McCray v. Md. Dep't. of Transp.*, 662 F. App'x 221, 225 (4th Cir. 2016) (affirming dismissal of MFEPA claims as untimely because plaintiff did not file suit within two years of her termination). Because Plaintiff filed this case on December 10, 2021—more than four years after his alleged termination on November 21, 2017—any MFEPA claims are untimely.

alleges that a woman made a false accusation about him on an unspecified date, which resulted in his termination on November 21, 2017. (ECF No. 3 ¶¶ 8, 22–23.) Given this, the one-year statute of limitations on Plaintiff's claim could not have begun to run any later than November 21, 2017. *See Long*, 28 F. Supp. 3d at 456. This renders Plaintiff's claim untimely, as both the instant case and *Degross I* were commenced more than one year after November 21, 2017.[3]

### V.     Conclusion

Plaintiff has not shown that reopening this case is warranted under Rule 60(b), and the Court finds no basis for reopening this case *sua sponte* under Rule 60(b). As such, Plaintiff's Motion will be denied by accompanying order.

DATED this \_\_9\_\_ day of March, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[3] Defendant also argues that dismissal of this count is warranted for failure to state a claim. (ECF No. 5-1 at 6–7.) To be sure, Plaintiff fails to even provide the statement that allegedly constituted defamation. (ECF No. 3.) Nonetheless, as Plaintiff's defamation claim is time-barred, the Court does not reach the issue of whether it is plausibly alleged.